**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br>Application of Mountasser Muad Hachem For an Order Under 28 U.S.C. § 1782 For Discovery | No. MC-25-00023-PHX-SPL<br><br>**ORDER** |

Before the Court is Mountasser Muad Hachem's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782. (Doc. 1). For the following reasons, the application will be granted.

### I. BACKGROUND

Mountasser Muad Hachem (the "Applicant") filed this *Ex Parte* Application to obtain discovery under 28 U.S.C. § 1782 from Namecheap, Inc., a company headquartered and with its principal place of business in Phoenix, Arizona. (Doc. 1 at 1). He "solely seeks the non-content basic subscriber information (i.e. the name of the individual, email address, phone number, financial payment information, and related information) for the creator of the Blackbox-news.com website," as "Namecheap is the domain registrar for the Blackbox-news.com website (i.e. Namecheap sold the Blackbox-news.com's creator the domain name as well as a hosting plan for the website to exist)." (*Id.*). He seeks this discovery to support a forthcoming defamation action in Lebanon based on accusations appearing on the Blackbox-news website that allegedly "falsely accused the Applicant of money

laundering, terrorism, various financial crimes, and of working for Hezbollah (the terrorist organization)." (*Id.*).

## II. LEGAL STANDARD

28 U.S.C. § 1782 allows a district court to order a person residing within its district to produce documents for use in a foreign legal proceeding. The statute provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).

"[A]n *ex parte* application is an acceptable method for seeking discovery pursuant to 28 U.S.C. § 1782." *In re Application of Ontario Principals' Council*, No. MC-14-00050-PHX-SPL, 2014 WL 3845082, at *2 (D. Ariz. 2014). "[S]uch *ex parte* applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *In re Letter of Request from Sup. Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991). As such, the Court will consider the application on an *ex parte* basis.

The decision whether to grant a § 1782 application involves a two-step inquiry. First, the application must meet the statutory requirements of § 1782. *See, e.g.*, *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83–84 (2d Cir. 2004). Second, even if the statutory requirements are satisfied, several discretionary factors bear on whether relief ought to be granted. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264

(2004). "[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Id*.

### III. STATUTORY REQUIREMENTS

A district court has the authority to issue a discovery order under § 1782 when three criteria are satisfied. The application must show that (1) the person from whom discovery is sought "resides or is found" in the same district as the district court, (2) the discovery material is to be "use[d] in a foreign or international tribunal," and (3) the application is brought by "a foreign or international tribunal or . . . any interested person." 28 U.S.C. § 1782(a).

All three requirements are met here. First, Applicant has provided evidence that Namecheap is headquartered in Phoenix, Arizona. (Doc. 1 at 10–11). Second, the purpose of the application is to acquire information for use in a forthcoming defamation action in Lebanon, a foreign tribunal. (*Id.* at 11). Although the defamation action has not yet been filed, Section 1782 does not require the foreign case be filed before the discovery application can be brought. *Intel Corp.*, 542 U.S. at 247 ("[T]he 'proceeding' for which discovery is sought under § 1782(a) must be in reasonable contemplation, but need not be 'pending' or 'imminent.'"). Third, the "Application is made by an 'interested person' because the Applicant here, Mr. Hachem, will be the plaintiff in the companion Lebanese Defamation Action." (Doc. 1 at 11). Accordingly, the application meets the statutory requirements.

### IV. DISCRETIONARY FACTORS

The Supreme Court has also articulated an additional four discretionary factors for courts to consider in determining whether to grant a request under § 1782, including: (1) whether the "person from whom discovery is sought is a participant" in the foreign case; (2) the character and nature of the foreign proceedings and the foreign court's receptivity to judicial assistance from the United States; (3) whether the request is an attempt to avoid evidence-gathering restrictions; and (4) whether the discovery request is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 264–65.

The first factor considers whether the party from whom the applicant seeks discovery is a party in the foreign action because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" since "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel Corp.*, 542 U.S. at 264. "This factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity." *In re Jud. Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, No. 2:14-cv-00797-GMN-NJK, 2015 WL 3439103, at *6 (D. Nev. May 28, 2015). Here, NameCheap will not be a participant in the Lebanese action, which weighs in favor of granting the application.

Second, there is no evidence that the discovery sought would offend the Lebanese court. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (internal quotation marks omitted); *see also In re Al-Attabi*, No. 21MC207VSBRWL, 2022 WL 229784, at *8 (S.D.N.Y. Jan. 26, 2022) ("To show that a foreign tribunal would not be receptive to evidence obtained through § 1782 requires 'authoritative proof' that provides a 'clear directive.'"). Furthermore, the Applicant's Lebanese attorney provided an affidavit expressing his professional opinion that, based on his understanding of Lebanese law, the statements made on the Blackbox-news website would support a claim for defamation under the Lebanese Code. (Doc. 1-4 at 2). Thus, this factor favors granting the application.

The third *Intel* factor considers "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. The Court has no reason to believe that Applicant is doing so here. *See In re Anahara*, No. 22-mc-80063-JCS, 2022 U.S. Dist. LEXIS 45872 at *7–8 (N.D. Cal. Mar. 15, 2022) ("Absence of evidence of attempted

circumvention weighs in favor of an application"). The Applicant also addresses a potential concern that the request could implicate the First Amendment. (Doc. 1 at 13). He argues that because there is no evidence to suggest the website's creators are U.S. citizens or residents, the application does not implicate the First Amendment. (*Id.* at 13–14). *See In re Saki Takada*, No. 22-mc-80221-VKD, 2023 U.S. Dist. LEXIS 17159, at *8 (N.D. Cal. Feb. 1, 2023) ("[T]here is no reason to believe that the anonymous poster is a U.S. citizen."). This factor, too, weighs in favor of granting the application.

Finally, the Court must consider whether the discovery sought is unduly burdensome or intrusive. "The scope of discovery permitted under § 1782 is coextensive with the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1)." *In re Bayerische Motoren Werke AG*, No. MC-22-00016-PHX-SPL, 2022 WL 1092804, at *2 (D. Ariz. Apr. 12, 2022). Thus, § 1782 discovery must be relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Here, Applicant argues that the "single, limited discovery request in the Application . . . is narrowly tailored to the needs of the Lebanese defamation action and imposes no undue burden," and that the "information sought form Namecheap will fit on a single sheet of paper." (Doc. 1 at 15). Specifically, Applicant requests the following information for the "blackbox-news" domain name:

> - The reasonably available non-content basic subscriber information (including the name, date of birth, e-mail address, phone number, and IP addresses (during December of 2024 or, if not available, at the time of the account's creation)) for the Black Box News website;
> - The name and billing address of all credit cards (if applicable) ever used to pay Namecheap, Inc. for this website;
> - Any information to identify the creator and/or account holder(s) of the referenced website and/or who created it, operates it, and pays for it (including information obtained by this creator/account holder from any contest from Namecheap, Inc.);
> - Any other websites created by the same individual or organization as the Black Box News website;
> - Log Data for the requested website including their IP address, browser type, mobile carrier, and other related, identifying information provided upon registration (if any).

(Doc. 1-1 at 5). Applicant requests this information to identify the individual who posted

the alleged defamatory statements on the website. At this juncture, the Court is satisfied that Applicant has made a prima facie showing that the information it seeks from Namecheap is relevant to the action in the Lebanese court. Of course, Namecheap is free to contest the subpoena later based on overbreadth or undue burden. *See, e.g.*, *In re Republic of Ecuador*, No. C-10-80225, 2010 WL 3702427, at *5 (N.D. Cal. Sept. 15, 2010) (granting § 1782 application despite broad subpoena requests because other factors weighed in favor of granting the application, because the information sought was relevant to the foreign action, and because "the Court's ruling here does not preclude Mr. Borja—or for that matter Chevron—from contesting the subpoena based on undue intrusion or burden or based on other grounds (*e.g.*, overbreadth)."). This discretionary factor, like the other three, favors granting the application.

Accordingly,

**IT IS ORDERED** that the *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** that Applicant shall file a Status Report by July 18, 2025, outlining whether there are any remaining issues in the case and whether the case can be closed.

Dated this 16th day of June, 2025.

Honorable Steven P. Logan
United States District Judge